UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYNE ANTHONY WALLS,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>Defendant. | No. 2:17-cv-2142 DB<br><br><br>ORDER |

This social security action was submitted to the court without oral argument for ruling on plaintiff's motion for summary judgment and defendant's cross-motion for summary judgment.[1] Plaintiff argues that the Administrative Law Judge's residual functional capacity determination and treatment of plaintiff's subjective testimony constituted error. For the reasons explained below, plaintiff's motion is denied, defendant's cross-motion is granted, and the decision of the Commissioner of Social Security ("Commissioner") is affirmed.

PROCEDURAL BACKGROUND

In the fall of 2013, plaintiff filed applications for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("the Act") and for Supplemental Security Income

---

[1] Both parties have previously consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c). (See ECF Nos. 8 & 9.)

1

("SSI") under Title XVI of the Act alleging disability beginning on March 1, 2010.[2] (Transcript ("Tr.") at 14, 191-205.) Plaintiff's alleged impairments included back pain, carpal tunnel, and pain. (Id. at 67.) Plaintiff's applications were denied initially, (id. at 117-20), and upon reconsideration. (Id. at 129-38.)

Thereafter, plaintiff requested a hearing which was held before an Administrative Law Judge ("ALJ") on December 8, 2015. (Id. at 39-66.) Plaintiff was represented by an attorney and testified at the administrative hearing. (Id. at 39-41.) In a decision issued on May 23, 2016, the ALJ found that plaintiff was not disabled. (Id. at 26.) The ALJ entered the following findings:

> 1. The claimant meets the insured status requirements of the Social Security Act through September 30, 2017.
>
> 2. The claimant has not engaged in substantial gainful activity since April 1, 2014, the amended alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*).
>
> 3. The claimant has the following severe impairments: degenerative disc disease of the lumbar spine, bilateral carpal tunnel syndrome vs. probable seronegative inflammatory polyarthritis, and osteoarthritis of the bilateral hips (20 CFR 404.1520(c) and 416.920(c)).
>
> 4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).
>
> 5. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except with the following limitations: occasionally climb, balance, stoop, kneel, crouch, and crawl.
>
> 6. The claimant is capable of performing past relevant work as an order taker and a telemarketer. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565 and 416.965).
>
> 7. The claimant has not been under a disability, as defined in the Social Security Act, from April 1, 2014, through the date of this decision (20 CFR 404.1520(f) and 416.920(f)).

(Id. at 16-25) (footnote omitted).

////

---

[2] Plaintiff later amended the disability onset date to April 1, 2014. (Tr. at 14.)

On August 23, 2017, the Appeals Council denied plaintiff's request for review of the ALJ's May 23, 2016 decision. (Id. at 1-5.) Plaintiff sought judicial review pursuant to 42 U.S.C. § 405(g) by filing the complaint in this action on October 16, 2017. (ECF No. 1.)

## LEGAL STANDARD

"The district court reviews the Commissioner's final decision for substantial evidence, and the Commissioner's decision will be disturbed only if it is not supported by substantial evidence or is based on legal error." Hill v. Astrue, 698 F.3d 1153, 1158-59 (9th Cir. 2012). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001); Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997).

"[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006) (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)). If, however, "the record considered as a whole can reasonably support either affirming or reversing the Commissioner's decision, we must affirm." McCartey v. Massanari, 298 F.3d 1072, 1075 (9th Cir. 2002).

A five-step evaluation process is used to determine whether a claimant is disabled. 20 C.F.R. § 404.1520; see also Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). The five-step process has been summarized as follows:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
>
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
>
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.

////

3

Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen v. Yuckert, 482 U.S. 137, 146 n. 5 (1987). The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.; Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

## APPLICATION

Plaintiff's pending motion argues that the ALJ committed the following two principal errors: (1) the ALJ's treatment of plaintiff's subjective testimony constituted error; and (2) the ALJ's residual functional capacity determination failed to account for all of plaintiff's limitations.[3] (Pl.'s MSJ (ECF No. 14) at 7-13.[4])

### I. Plaintiff's Subjective Testimony

The Ninth Circuit has summarized the ALJ's task with respect to assessing a claimant's credibility as follows:

> To determine whether a claimant's testimony regarding subjective pain or symptoms is credible, an ALJ must engage in a two-step analysis. First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged. The claimant, however, need not show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom. Thus, the ALJ may not reject subjective symptom testimony . . . simply because there is no showing that the impairment can reasonably produce the degree of symptom alleged.
>
> Second, if the claimant meets this first test, and there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so[.]

Lingenfelter v. Astrue, 504 F.3d 1028, 1035-36 (9th Cir. 2007) (citations and quotation marks

---

[3] The court has reordered plaintiff's claims for purposes of clarity and efficiency.

[4] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

4

omitted). "The clear and convincing standard is the most demanding required in Social Security cases." Moore v. Commissioner of Social Sec. Admin., 278 F.3d 920, 924 (9th Cir. 2002). "At the same time, the ALJ is not required to believe every allegation of disabling pain, or else disability benefits would be available for the asking[.]" Molina v. Astrue, 674 F.3d 1104, 1112 (9th Cir. 2012).

"The ALJ must specifically identify what testimony is credible and what testimony undermines the claimant's complaints."[5] Valentine v. Commissioner Social Sec. Admin., 574 F.3d 685, 693 (9th Cir. 2009) (quoting Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999)). In weighing a claimant's credibility, an ALJ may consider, among other things, the "[claimant's] reputation for truthfulness, inconsistencies either in [claimant's] testimony or between [her] testimony and [her] conduct, [claimant's] daily activities, [her] work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which [claimant] complains." Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir. 2002) (modification in original) (quoting Light v. Soc. Sec. Admin., 119 F.3d 789, 792 (9th Cir. 1997)). If the ALJ's credibility finding is supported by substantial evidence in the record, the court "may not engage in second-guessing." Id.

Here, plaintiff asserts "that the ALJ failed to articulate legally sufficient reasons for discounting" plaintiff's subjective complaints. (Pl.'s MSJ (ECF No. 14) at 10.) The ALJ found that plaintiff's medically determinable impairments could reasonably be expected to cause the symptoms alleged, but that plaintiff's statements concerning the intensity, persistence and limiting effects of those symptoms were "not entirely consistent" with the evidence of record. (Tr. at 21.)

////

---

[5] In March of 2016, Social Security Ruling ("SSR") 16-3p went into effect. "This ruling makes clear what our precedent already required: that assessments of an individual's testimony by an ALJ are designed to 'evaluate the intensity and persistence of symptoms after the ALJ finds that the individual has a medically determinable impairment(s) that could reasonably be expected to produce those symptoms,' and not to delve into wide-ranging scrutiny of the claimant's character and apparent truthfulness." Trevizo v. Berryhill, 871 F.3d 664, 679 (9th Cir. 2017) (quoting SSR 16-3p) (alterations omitted).

5

One reason given by the ALJ for this determination was that "despite the claimant's allegations of disabling symptoms, the record reveals that the claimant failed to follow-up on treatment recommendations made by his treating doctor," "declined referral to a pain clinic and was reluctant to try new medications." (Id.) The ALJ provided citations to evidence in the record supporting this finding. (Id. at 22, 366, 380, 661, 1255.) "[C]ase law is clear that if a claimant complains about disabling pain but fails to seek treatment, or fails to follow prescribed treatment, for the pain, an ALJ may use such failure as a basis for finding the complaint unjustified or exaggerated." Orn v. Astrue, 495 F.3d 625, 638 (9th Cir. 2007); see also Bunnell v. Sullivan, 947 F.2d 341, 346 (9th Cir. 1991) ("Another relevant factor may be unexplained, or inadequately explained, failure to seek treatment or follow a prescribed course of treatment.").

Thus, the court finds that the ALJ provided a clear and convincing reason for rejecting plaintiff's subjective testimony. Plaintiff, therefore, is not entitled to summary judgment on this claim.

## II. Residual Functional Capacity Determination

Plaintiff also argues that the ALJ's residual functional capacity ("RFC") determination failed to "adequately capture" all of plaintiff's limitations. (Pl.'s MSJ (ECF No. 14) at 7.) A claimant's RFC is "the most [the claimant] can still do despite [his or her] limitations." 20 C.F.R. § 404.1545(a); 20 C.F.R. § 416.945(1); see also Cooper v. Sullivan, 880 F.2d 1152, n.5 (9th Cir. 1989) ("A claimant's residual functional capacity is what he can still do despite his physical, mental, nonexertional, and other limitations."). In conducting an RFC assessment, the ALJ must consider the combined effects of an applicant's medically determinable impairments on the applicant's ability to perform sustainable work. 42 U.S.C. § 423(d)(2)(B); Macri v. Chater, 93 F.3d 540, 545 (9th Cir. 1996).

The ALJ must consider all of the relevant medical opinions as well as the combined effects of all of the plaintiff's impairments, even those that are not "severe." 20 C.F.R. §§ 404.1545(a); 416.945(a); Celaya v. Halter, 332 F.3d 1177, 1182 (9th Cir. 2003). "[A]n RFC that fails to take into account a claimant's limitations is defective." Valentine v. Commissioner Social Sec. Admin., 574 F.3d 685, 690 (9th Cir. 2009). The ALJ must determine a claimant's

limitations on the basis of "all relevant evidence in the record." Robbins v. Soc. Sec. Admin., 466 F.3d 880, 883 (9th Cir. 2006).

Here, plaintiff asserts that in determining plaintiff's RFC, "the ALJ rejected the opinions of Richard Morgan, M.D., a treating physician without articulating legally sufficient reasons." (Pl.'s MSJ (ECF No. 14) at 7.) The weight to be given to medical opinions in Social Security disability cases depends in part on whether the opinions are proffered by treating, examining, or nonexamining health professionals. Lester, 81 F.3d at 830; Fair v. Bowen, 885 F.2d 597, 604 (9th Cir. 1989). "As a general rule, more weight should be given to the opinion of a treating source than to the opinion of doctors who do not treat the claimant[.]" Lester, 81 F.3d at 830. This is so because a treating doctor is employed to cure and has a greater opportunity to know and observe the patient as an individual. Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996); Bates v. Sullivan, 894 F.2d 1059, 1063 (9th Cir. 1990).

The uncontradicted opinion of a treating or examining physician may be rejected only for clear and convincing reasons, while the opinion of a treating or examining physician that is controverted by another doctor may be rejected only for specific and legitimate reasons supported by substantial evidence in the record. Lester, 81 F.3d at 830-31. "The opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician." (Id. at 831.) Finally, although a treating physician's opinion is generally entitled to significant weight, "'[t]he ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings.'" Chaudhry v. Astrue, 688 F.3d 661, 671 (9th Cir. 2012) (quoting Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1228 (9th Cir. 2009)).

The ALJ summarized Dr. Morgan's April 29, 2014 opinion stating:

> . . . Dr. Morgan indicated the claimant could stand/walk a total of two hours in a workday; sit a total of two hours in a workday; lift two pounds occasionally and nothing frequently; frequently balance; never bend, stoop, or work around dangerous equipment; occasionally perform gross manipulation; would need to occasionally elevate his legs to 90 degrees for up to 20 minutes; would need to use a cane for balance and ambulation; would need to

7

> take unscheduled ten minute breaks during the day; and would likely have two absences per month.

(Tr. at 22.)

The ALJ afforded Dr. Morgan's opinion "little weight" because the opinion "explicitly states in several places on the forms that the limitations he assessed were based on the claimant's information." (Id.) This finding is supported by review of Dr. Morgan's opinion, wherein Dr. Morgan repeatedly acknowledges that many limitations are based on plaintiff's statements. (Id. at 468-73.) And Dr. Morgan does not assert that these limitations were also based on clinical evidence.

"If a treating provider's opinions are based 'to a large extent' on an applicant's self-reports and not on clinical evidence, and the ALJ finds the applicant not credible, the ALJ may discount the treating provider's opinion." Ghanim v. Colvin, 763 F.3d 1154, 1162 (9th Cir. 2014) (quoting Tommasetti v. Astrue, 533 F.3d 1035, 1041 (9th Cir. 2008)). Here, Dr. Morgan's opinion was based to a large extent on plaintiff's self-reports and the ALJ properly found plaintiff not credible.

Moreover, the ALJ noted that aside from Dr. Morgan's opinion which was based to a large extent on plaintiff's self-reports, "no medical source statement suggested functional limitations more restrictive than" the ALJ's RFC determination. (Tr. at 22.) If fact, plaintiff's treating nurse practitioner opined that "other than some chronic lower back pain . . . . [h]ard to determine any limitations." (Id. at 1258.)

For the reasons stated above, the court finds that the ALJ provided clear and convincing reasons for discrediting Dr. Morgan's opinion and that the ALJ's RFC determination accounted for all of plaintiff's limitations. Accordingly, plaintiff is also not entitled to summary judgment on this claim.

## CONCLUSION

The court has found that plaintiff is not entitled to summary judgment on any claim of error.

////

8

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 14) is denied;

2. Defendant's cross-motion for summary judgment (ECF No. 15) is granted;

3. The decision of the Commissioner of Social Security is affirmed; and

4. The Clerk of the Court shall enter judgment for defendant and close this case.

Dated: February 26, 2019

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.soc sec\walls2142.ord